1  Kathleen C. Jeffries (State Bar #110362)
   kjeffries@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, California 91101
   Telephone: (626) 795-4700
4  Facsimile: (626) 795-4790

5  Attorneys for Plaintiff
   FNS, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 | FNS, INC., a California corporation,     ) Case No.
   |                                          )
11 |         Plaintiff,                       )
   | v.                                       ) COMPLAINT FOR LOSS OF CARGO:
12 |                                          ) CARMACK AMENDMENT LIABILITY
   | PROACTIVE SUPPLY CHAIN                   ) AND NEGLIGENCE
13 | GROUP USA INC., a Texas                  )
   | Corporation doing business as            )
14 | "PROACTIVE GROUP USA INC." and           )
   | "PROACTIVE SPECIALIZED                   )
15 | LOGISTICS USA"; ACE LOGISTICS            )
   | INC., a Virginia Corporation; and        )
16 | DOES 1 through 10, inclusive,            )
   |                                          )
17 |         Defendants.                      )
   |                                          )
18

19         Plaintiff FNS, Inc. ("FNS") hereby alleges that:

20                        PRELIMINARY ALLEGATIONS

21         1.    At all times herein mentioned, FNS has been, and now is, a

22 corporation duly organized and existing under and by virtue of the laws of the State

23 of California, conducting business in the State of California and on a nationwide

24 and international basis as a third-party logistics and supply chain service provider,

25 performing, as relevant to this action, warehousing, logistics and distribution

26 services for its customers.

27 ///

28                                            1

2. At all times herein mentioned, defendant Proactive Supply Chain Group USA Inc. ("Proactive") has been and now is a corporation, duly organized and existing under and by virtue of the laws of the state of Texas, operating as a transportation service provider in the names "Proactive Group USA Inc." and "Proactive Specialized Logistics USA," in interstate and foreign commerce throughout the United States, including within this judicial district.

3. At all times herein mentioned, defendant Ace Logistics Inc. ("Ace") has been and now is a corporation, duly organized and existing under and by virtue of the laws of the State of Virginia operating as and licensed by the Federal Motor Carrier Safety Administration as a motor carrier of property transporting freight in interstate and foreign commerce throughout the United States, including within this judicial district.

4. The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to FNS. FNS therefore sues such defendants by such fictitious names and will amend its complaint to show the true names and capacities of such Doe defendants when such names have been ascertained.

5. FNS is informed and believes and based upon such information and belief alleges that at all times herein mentioned, each of the defendants was the agent or employee of each of the remaining defendants and acting within the course and scope of such agency or employment.

6. The jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. § 1337 in that the claims against the defendants arise out of an Act of Congress regulating commerce, to wit, the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706) and raise a matter in controversy of over $10,000.00.

///

7. Venue is proper pursuant to 49 U.S.C. § 14706(d) on the ground that each of the defendants operates in this judicial district and on the further ground that the transportation services on which this action is based were performed, in part, in this judicial district.

## FIRST CAUSE OF ACTION

(Carmack Amendment Liability against All Defendants)

8. FNS hereby realleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 7 hereof as though set forth at length herein.

9. In January 2023, defendant Proactive accepted a written request from FNS to transport five ocean containers of lithium ion batteries from Wilmington, California to Orion Township, Michigan. The contents of one of those containers, number TRIU8796031, comprise the shipment at issue in this case.

10. Though licensed by the Federal Motor Carrier Safety Administration only as a transportation broker, Proactive represented to plaintiff FNS that Proactive uses its "company-owned assets and exclusive use partners/agents." Furthermore, Proactive provided services with respect to the shipment at issue in this case as a freight forwarder rather than a broker, using one of its own "dedicated drayage drivers" to pick up the shipment, handling the shipment in its warehouse with its own assets and employees and then assigning the shipment to defendant Ace Logistics Inc. for further transportation.

11. Proactive, after picking up the shipment from FNS, arranged with defendant Ace to transport the shipment from Proactive's facility in Long Beach, California to the designated consignee in Michigan.

/ / /

/ / /

/ / /

12. Proactive, as the freight forwarder that contractually committed to transport the shipment and Ace as the carrier that took possession of the shipment at Proactive's request were jointly obligated to safely transport the shipment and deliver it in the same good condition as when received by defendants.

13. Defendants, however, failed to satisfy such obligations with respect to the shipment. Instead of being safely delivered to the designated consignee, the shipment was never delivered to the consignee and has not been located.

14. Pursuant to the provisions of 49 U.S.C. § 14706 (the Carmack Amendment to the Interstate Commerce Act), each of the defendants is strictly liable for loss of the shipment.

15. As a result of such loss, FNS received a claim from its customer, LG Energy Solution Michigan, Inc. ("LGES"), in the sum of $509,282.17 for the value of the shipment and related fees and monetary losses asserted by LGES. Upon receipt of such claim, LGES deducted such sum from sums owed by LGES to FNS in full satisfaction of the claim.

16. FNS, in turn, submitted a claim to defendant Proactive for reimbursement of the LGES claim; and Proactive, on FNS's information and belief, transmitted a claim to defendant Ace.

17. FNS has subsequently reduced the amount sought from defendants to $421,209.12, representing the commercial invoice value of the lost batteries ($415,059.12) plus the freight charges paid by FNS to Proactive for the services that were not completed ($6,150.00).

18. However, FNS has received no payment in any amount from any of the defendants despite demand from FNS.

///

///

19. FNS therefore seeks recovery in the sum of $421,209.12 from defendants, plus interest on such sum at the maximum lawful rate from February 1, 2023, the date of the loss.

SECOND CAUSE OF ACTION

(Negligence against All Defendants)

20. FNS hereby realleges and incorporates herein by this reference all of the allegations contained in paragraphs 1 through 7 and 9 through 19 hereof as though set forth at length herein.

21. Upon acceptance of FNS's request to defendant Proactive for transportation of the shipment, Proactive's initial receipt of the shipment and Ace's subsequent receipt of the shipment from Proactive for transportation to Michigan, defendants owed a duty to FNS and FNS's customer LGES to protect the shipment and to deliver the shipment in the same good condition as when received by defendants.

22. However, defendants failed to satisfy such duty with respect to the protection and delivery of the shipment, as the loss of the shipment was directly and proximately caused by the negligence and carelessness of the defendants in the performance of their services for FNS.

23. As a direct and proximate result of defendants' negligence and carelessness, FNS has been damaged in the sum of $509,282.17 as stated above. FNS seeks reimbursement from defendants in the reduced sum of $421,209.12, plus interest on such sum at the maximum lawful rate from February 1, 2023, the date of the loss.

WHEREFORE, plaintiff FNS, Inc. prays for judgment against defendants and each of them as follows:

1. For the sum of $421,209.12 plus interest thereon at the maximum lawful rate from February 1, 2023;

5

COMPLAINT FOR LOSS OF CARGO: CARMACK AMENDMENT LIABILITY AND NEGLIGENCE

2. For FNS's costs of suit incurred herein; and

3. For such other and further relief as this Court deems proper.

Dated: March 19, 2024      SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By:    */s/ Kathleen C. Jeffries*
Kathleen C. Jeffries
Attorneys for Plaintiff
FNS, INC.

4882-0008-3116, v. 1

6

COMPLAINT FOR LOSS OF CARGO: CARMACK AMENDMENT LIABILITY AND NEGLIGENCE