UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE FNS, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ACE LOGISTICS INC. (DKT. 54)**

**I.    Introduction**

On March 19, 2024, FNS, Inc. ("Plaintiff" or "FNS") brough this action against Proactive Supply Chain Group USA INC., "Proactive Group USA Inc.," "Proactive Specialized Logistics USA," ("Proactive"), ACE Logistics, Inc. ("Ace Logistics"), and Does 1–10 (collectively, the "Defendants"). Dkt. 1. The Complaint advances two causes of action: (1) Carmack Amendment liability; and (2) Negligence. Dkt. 1 ¶¶ 8–23.

On March 27, 2024, FNS filed a Proof of Service as to Ace Logistics, which indicated that Ace Logistics was served on March 26, 2024. Dkt. 11. Ace Logistics did not appear in this action, and on April 19, 2024, default was entered. Dkt. 14. On May 20, 2024, FNS requested that the deadline to file a motion for default judgment be continued until a single judgment could be entered on both the crossclaim and Complaint pursuant to the single judgment rule. Dkt. 26. On May 22, 2024, an Order issued granting this request. Dkt. 27.

On May 13, 2025, FNS and Proactive filed a joint report stating that the two parties had finalized a settlement agreement, which had been signed. Dkt. 51. On June 11, 2025, FNS and Proactive filed a stipulation to dismiss Proactive and Does 1 through 10. Dkt. 53. On June 12, 2025, an Order issued approving the stipulation. Dkt. 55.

On June 12, 2025, FNS filed a Motion for Default Judgment Against Defendant Ace Logistics ("Motion" (Dkt. 54)). On June 30, 2025, in compliance with the Court's June 24, 2025 Order (Dkt. 57), FNS filed a supplemental brief. Dkt. 59.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 57. For the reasons stated in this Order, the Motion is **GRANTED** as to Ace Logistics' liability. A determination as to remedies is **DEFERRED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

**II.     Factual Background**

      A.     The Parties

It is alleged that FNS is a California corporation. Dkt. 1 ¶ 1. It is alleged that FNS is a third-party logistics and supply chain service provider providing warehousing, logistics and distribution services for its customers on a national and international basis. *Id.*

It is alleged that Proactive is a Texas corporation. *Id.* ¶ 2. It is alleged that Proactive is a transportation service provider nationally and internationally. *Id.*

It is alleged that Ace Logistics is a Virginia corporation and licensed by the Federal Motor Carrier Safety Administration. *Id.* ¶ 3. It is alleged that Ace Logistics is a motor carrier of property transporting freight nationally and internationally. *Id.*

      B.     Allegations in the Complaint

It is alleged that in January 2023, Proactive accepted a written request from FNS to transport five ocean containers of lithium-ion batteries from Wilmington, California, to Orion Township, Michigan. Dkt. 1 ¶ 9. It is alleged that the contents of one of those containers, no. TRIU8796031 ("Subject Shipment"), is at issue. *Id.*

It is alleged that Proactive was licensed by the Federal Motor Carrier Safety Administration only as a transportation broker. *Id.* ¶ 10. It is alleged, however, that Proactive uses its "company-owned assets and exclusive use partners/agents." *Id.* It is alleged that Proactive provided services with respect to the Subject Shipment as a freight forwarder rather than a broker, using one of its own "dedicated drayage drivers" to pick up the Subject Shipment, handle the Subject Shipment in its warehouse with its own assets and employees and then assign the Subject Shipment to Ace Logistics for further transportation. *Id.* It is alleged that after picking up the Subject Shipment from FNS, Proactive arranged with Ace Logistics to transport the Subject Shipment from Proactive's facility in Long Beach, California to the designated cosignee in Michigan. *Id.* ¶ 11.

It is alleged that Proactive, as the freight forwarder that contractually committed to transport the shipment, and Ace Logistics, as the carrier that took possession of the Subject Shipment at Proactive's request, were jointly obligated to safely transport the shipment and deliver it in the same good condition as when they received it. *Id.* ¶ 12. It is alleged that instead of being safely delivered to the designated consignee, the Subject Shipment was never delivered to the consignee and has not been located. *Id.* ¶ 13.

It is alleged that Defendants are strictly liable for the loss of the Subject Shipment based on 29 U.S.C. § 14706 ("Carmack Amendment"), and negligence.

      C.     Remedies Sought

The Complaint seeks damages in the amount of $421,209.12 plus interest from February 1, 2023, as well as costs of suit. Dkt. 1 at 5–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
|---|---|---|---|
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

**III.     Analysis**

    A.     Service of Process

        1.     Legal Standards

As part of evaluating a motion for the entry of a default judgment, it must be determined whether there was sufficient service of process on the party against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). If service was not properly effected, it is unnecessary to determine whether there is personal jurisdiction over the defendant who is the subject of the motion for the entry of default judgment. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Swanson Painting Co. v. Painters Local Union No. 260*, 391 F.2d 523, 524 (9th Cir. 1968) ("In the case of a party outside the state where the district court is located, ... there are two requisites to the acquiring of personal jurisdiction. The first is the obtaining of effective service of process. The second is existence of sufficient contacts between the party and the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

"[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Omni Cap. Int'l, Ltd.*, 484 U.S. at 104. To comply with the standards of Rule 4, service must also meet the constitutional standards of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Thus, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

        2.     Application

Service upon a corporation is governed by Federal Rule of Civil Procedure 4(h), which provides, in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

*See* Fed. R. Civ. P. 4(h)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

Pursuant to 49 U.S.C. § 13304(a):

> A motor carrier or broker providing transportation subject to jurisdiction under chapter 135, including a motor carrier or broker operating within the United States while providing transportation between places in a foreign country or between a place in one foreign country and a place in another foreign country, shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker. The designation shall be in writing and filed with the Department of Transportation and each State in which the carrier operates may require that an additional designation be filed with it. If a designation under this subsection is not made, service may be made on any agent of the carrier or broker within that State.

To satisfy this requirement, a motor carrier may file a Federal Motor Carrier Safety Administration's ("FMCSA") Form BOC-3.

FNS's service of process complied with 49 U.S.C. § 13304(a), and therefore, with Rule 4(h). FNS states that Ace Logistics was issued license number MC-1453042 when it obtained authority to operate as a motor carrier in August 2022. Dkt. 59 at 2.  FNS notes that Ace Logistics filed a BOC-3 and designated #1 A+ Agents of Process Inc. as its registered agent in all fifty states. *Id.* #1 A+ Agents of Process Inc. maintains a list on file with the FMCSA that identifies a process agent for all 50 states, and the listing shows that On Call Legal, Inc. is the registered agent for Ace Logistics in California. *Id.* A review of the U.S. Department of Transportation Federal Motor Carrier Safety Administration Licensing and Insurance Public website demonstrates that Ace Logistics Inc has a USDOT number of 3925078 and a docket number of MC-1453042. https://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_getdetail. It also shows that its blanket company is #1 A+ AGENTS OF PROCESS, INC. *Id.* The process agent for #1 A+ Agents of Process in California is On Call Legal, Inc. at 2476 Overland Ave, 3rd Floor, Los Angeles, CA 90064. https://www.fmcsa.dot.gov/registration/process-agents/pa?field_associated_boc_target_id=58136.

On March 27, 2024, FNS filed a Proof of Service that Ace Logistics was properly served with the summons and complaint. Dkt. 11. The Proof of Service states that on March 26, 2024, process server Brian Fecher served Shana S. a "receptionist" who is "designated by law to accept service on behalf of Ace Logistics." Dkt. 11 at 6. It states that Shana S. was served at 2476 Overland Avenue, 3rd Floor, Los Angeles, CA 90064. *Id.*

Service of process on Defendant also comported with due process because service on a registered agent is "reasonably calculated to provide notice and an opportunity to respond." *Mullane*, 399 U.S. at 314.

    B.    Jurisdiction

        1.    <u>Legal Standards</u>

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

parties . . . To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999).

      2.      Application

"An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994)). Because California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the federal Constitution, the jurisdictional analysis is the same under state and federal law. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023); *see* Cal. Code Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

Due process requires that a non-resident defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). This focused inquiry has led to the recognition of two kinds of personal jurisdiction: general and specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[S]pecific jurisdiction 'covers defendants less intimately connected with a State, but only as to a narrower class of claims.' " *Impossible* Foods, 80 F.4th at 1086 (quoting *Ford Motor Co.*, 592 U.S. at 359). Courts employ the following three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Impossible Foods Inc.*, 80 F.4th at 1086 (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)).

"'The plaintiff bears the burden on the first two prongs,' but once both are established, 'the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). Further, "[w]hen a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for 'each claim asserted against a defendant.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.,* 368 F.3d 1174, 1180 (9th Cir. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

FNS contends that there is specific personal jurisdiction over Ace Logistics. Dkt. 59 at 3–4. As to the first requirement, FNS contends that Ace Logistics purposefully availed itself of California because Ace Logistics picked up the shipment from Proactive's facility in Long Beach, California for transportation to the designated consignee in Michigan. *Id.* at 3, 4. As to the second requirement, FNS contends that this action relates to the activities Ace Logistics in California. These include picking up the shipment in California and then losing it. *Id.* at 4 (citing Dkt. 1 ¶¶ 11–13). This argument is persuasive. Accordingly, it is proper to exercise personal jurisdiction over Ace Logistics.

Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. There is original jurisdiction over this action under 28 U.S.C. §§ 1331, 1337. "The district courts shall have original jurisdiction . . . of an action brought under section . . . 14706 of title 49, [commonly referred to as the "Carmack Amendment,"] only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interests and costs." 28 U.S.C. § 1337(a). In the Complaint, the first claim is for liability under the Carmack Amendment and seeks damages of $421,209.12 plus interest thereon at the maximum lawful rate from February 1, 2023 Dkt. 1 ¶¶ 8–19; *id.* at 5.

There is supplemental jurisdiction over the second claim for negligence because it arises out of the same common nucleus of operative fact as the Carmack Amendment claim. When a district court has original jurisdiction over a case it also acquires supplemental jurisdiction over factually related state claims. *See* 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

    C.    Procedural Requirements of Default Judgment

        1.    <u>Legal Standards</u>

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to each of the following: (a) when and against which party default has been entered; (b) the identification of the pleading to which default has been entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521 does not apply; and (e) notice has been provided to the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). Service of a motion for default judgment is required only if the non-moving party has appeared in the action. Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

        2.    <u>Application</u>

FNS has satisfied the procedural requirements of Local Rule 55-1. Default against Ace Logistics was entered on April 19, 2024. Dkt. 14. In support of the Motion, FNS's counsel, Kathleen C. Jeffries,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

submitted a declaration stating the following: (1) Defendant is neither incompetent nor an infant and (2) the Servicemembers' Civil Relief Act does not apply. Dkt. 54 at 11 ¶ 13. Notice of the Motion is not required by Fed. R. Civ. P. 55(b)(2) because Defendant has not appeared in this action either directly or through a representative. Accordingly, the procedural requirements of Local Rule 55-1 have been satisfied.

> D. Substantive Requirements of Default Judgment
>
>> 1. Legal Standards

Fed. R. Civ. P. 55(b) grants discretion to the trial court with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not per se warrant or require the entry of a default judgment. *Id.* The Ninth Circuit has established seven factors that may be applied in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Id.* "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted).

>> 2. Application
>
>>> a) The Possibility of Prejudice

A plaintiff is prejudiced if, absent the entry of a judgment, he will be left without a remedy. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery."); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."); *Sunteck Transp. Co., LLC v. Domestic Carrier, Inc.*, 2022 WL 17348190, at *3 (C.D. Cal. Sept. 19, 2022) ("A plaintiff suffers prejudice if there is no recourse for recovery absent default judgment.").

FNS will be prejudiced if default judgment is not entered because Ace Logistics has failed to participate in the litigation. Although FNS recovered a part of its loss from Proactive, the settlement amount did not account for all the damages. Dkt. 54 at 4. Therefore, absent default judgment, FNS will be without recourse for the full amount of damages. Accordingly, the first *Eitel* factor weighs in favor of granting the Motion.

>>> b) The Merits of FNS's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors overlap because a plaintiff must properly state a claim and the allegations in the complaint are deemed true. Thus, if the complaint is sufficient, a plaintiff's substantive claim has merit for purposes of a request for the entry of a default judgment. *PepsiCo*, 238 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

at 1175; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining that allegations in the complaint must state a claim upon which the plaintiff may recover).

The Complaint advances two claims: Carmack Amendment liability and negligence. However, in the Motion, only Carmack Amendment liability is discussed. Dkt. 54 at 4–5. This comports with FNS's opposition to Proactive's Motion for Summary Judgment, where FNS conceded that the negligence claim is preempted. Dkt. 46 at 7. Accordingly, the Motion is **DENIED** as to the negligence claim. Default judgment as to Carmack Amendment liability is discussed below.

(1) <u>Legal Standards</u>

The Carmack Amendment, 49 U.S.C. § 14706, is part of the Interstate Commerce Act, which "provides the exclusive cause of action for interstate shipping contract claims." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). The Carmack Amendment governs the terms of interstate shipment by domestic rail and motor carriers. *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011). It "subjects common carriers and freight forwarders transporting cargo in interstate commerce to absolute liability for actual loss or injury to property." *Ins. Co. of N. Am. v. NNR Aircargo Serv. (USA), Inc.*, 201 F.3d 1111, 1115 (9th Cir. 2000) (citing 49 U.S.C. § 14706(a)). It does not apply to brokers. *Chubb Grp. of Ins. Companies v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068–69 (C.D. Cal. 2002).

To establish a prima facie case of liability under the Carmack Amendment, a plaintiff must show (1) good condition of the shipment at the point of origin; (2) a loss or damaged condition at destination; and (3) the amount of its damages. *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964). If the shipper establishes a prima facie case, and exceeds the threshold floor, the burden of proof shifts to the carrier "to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.* (citations omitted).

(2) <u>Application</u>

As a threshold matter, the Complaint sufficiently alleges that Ace Logistics is a carrier. "The term 'carrier' means a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). "The term 'motor carrier' means a person providing motor vehicle transportation for compensation." 49 U.S.C.§ 13101(14). It is alleged that Ace Logistics is licensed by the Federal Motor Carrier Safety Administration as a carrier. Dkt. 1 ¶ 3. This sufficiently alleges that Ace Logistics is a carrier.

The first requirement -- the good condition of the Subject Shipment at the point of origin -- is also sufficiently alleged. The Complaint alleges that Proactive assigned the shipment to Ace Logistics for further transportation. Dkt. 1 ¶ 10. It alleges that after Proactive picked up the shipment from FNS, Proactive arranged with Ace Logistics to transport the shipment from Proactive's facility in Long Beach, California to the designated consignee in Michigan. *Id.* ¶ 11. It is alleged that Proactive and Ace Logistics "were jointly obligated to safely transport the shipment and deliver it in the same good condition as when received by defendants." *Id.* ¶ 12.

The second requirement -- a loss or damaged condition at destination -- is also sufficiently alleged. The Complaint alleges that the Subject Shipment was never delivered to the consignee and has not been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

located. *Id.* ¶ 13.

The third requirement -- the amount of damages -- is also sufficiently alleged. It is alleged that the total amount of damages from Defendants is $421,209.12. Dkt. 1 ¶ 17. FNS calculated this amount by combining the commercial invoice value of the lost batteries ($415,059.12) and the freight charges paid by FNS to Proactive for services not completed ($6,150.00). *Id.*

For these reasons, FNS has sufficiently alleged a claim for Carmack Amendment liability. Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

   c)  The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor requires that "the court assesses whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007); *see also Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, entry of $3 million judgment would not be appropriate). However, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Board of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. 10-2212, 2011 WL 2600898-EMC, at *3 (N.D. Cal. June 30, 2011) (the amount of unpaid contributions, liquidated damages, and attorney's fees were appropriate because each was supported by sufficient evidence); *Fubon Insurance Co. v. Cherry Trucking Inc.*, No. 8:18-cv-00501-JLA-JEM, 2019 WL 2949037, at *3 (C.D. Cal. Mar., 26, 2019) (seeking default judgment for invoice value of cargo at $244,800 was proportionate to the harm).

The Carmack Amendment imposes strict liability upon receiving and delivering carriers. *Pac. Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 710 (9th Cir. 2011). "The Carmack Amendment limits a carrier's liability under an interstate bill of lading to the 'actual loss or injury to the property caused by" the carrier." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 686 n.2 (9th Cir. 2007) (quoting 29 U.S.C. 14706(a)). When the property is lost, the court is "left to determine its market value at the destination had it arrived safely." *Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.*, 213 F.3d 1118, 1120 (9th Cir. 2000).

The property at issue is 42 lithium-ion batteries. Dkt. 1 ¶ 9; Dkt. 43-4, Ex. A at 2. The Complaint alleges that FNS received a claim from its customer, LG Energy Solutions Michigan, Inc. ("LGES"), for $509,282.17, which was the claimed value of the shipment and related fees and monetary losses asserted by LGES. Dkt. 1 ¶ 15. FNS paid this amount. Dkt. 54 at 5. As a result, FNS has determined the amount sought from Defendants totals $421,209.12. *Id.* After subtracting the settlement amount paid by Proactive, the remaining loss is $229,282.17. FNS seeks $155,895.76 from Ace Logistics. Dkt. 54 at 8; Dkt. 1 ¶¶ 15, 17. $141,209.14 is the remaining principal balance of the loss of the Subject Shipment, as well as $14,209.74 in prejudgment interest and $474.90 in costs. Dkt. 54 ¶¶ 10–12.

Given the amount of damages FNS requested is less than the amount FNS paid to its customer, LGES,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

the money at stake is reasonable and proportionate to the loss for which Defendants are liable. Accordingly, the fourth *Eitel* factor weighs in favor of granting the Motion.

        d)        The Possibility of a Dispute Concerning Material Facts

Upon entry of default, all facts pleaded in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Further, "[w]here a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan. 23, 2012).

Although it is possible that Ace Logistics could dispute some or all of the material facts in the course of this litigation, its failure to appear and defend is sufficient to support the inference that it is unlikely to do so. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan. 23, 2012). Further, most of the allegations in the Complaint are supported by a declaration by Kathleen C. Jeffries, FNS's attorney (Dkt. 54 at 9–11) and a declaration by Jonghak (John) Lee) submitted by FNS in its opposition to Proactive's motion for summary judgment (Dkt. 46-2). "'Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *MSIG Mingtai Ins. Co, Ltd. v. In-Depth Transp. Inc.*, No. 2:24-cv-8689-JLS-KES, 2025 WL 2078239, at *4 (C.D. Cal. June 30, 2025) (quoting *Landstar Ranger*, 725 F. Supp. 2d at 922). Accordingly, the fifth *Eitel* factor weighs in favor of granting the Motion.

        e)        Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect of the non-moving party. Excusable neglect is "an equitable concept that takes account of factors such as prejudice, the length of delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Franchise Holding II, LLC v. Huntington Rests. Grp.*, Inc., 375 F.3d 922, 927 (9th Cir. 2004) (internal quotation marks omitted).

"There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation." *Sunteck Transp. Co., LLC*, 2022 WL 17348190, at *4. The record demonstrates Ace Logistics has actual notice of this action because the Complaint was served on Ace Logistics. Dkt. 11. Further, FNS filed a supplemental brief providing additional details to support that Ace Logistics was properly served through its Registered Agent Pursuant to 49 U.S.C. § 13304. Dkt. 59 at 1–3.

There has been no showing that Ace Logistics' failure to participate in this litigation was the result of excusable neglect. These allegations demonstrate that Ace Logistics had notice of these proceedings but chose not to participate. Therefore, the sixth *Eitel* factor weighs in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

    f)  The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor considers the strong policy preference of deciding claims on the merits. This factor generally disfavors the entry of default judgment. *Eitel*, 782 F.2d at 1472 ("[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible.") "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation and quotation marks omitted). Therefore, although this factor weighs against granting the Motion, it does not require that result. A contrary rule would mean that a default judgment could rarely, if ever, be entered.

Ace Logistics' failure to respond to the Complaint "makes a decision on the merits impractical, if not impossible." *Id.* Accordingly, while it is favorable to make decisions based on the merits of the case, this favor does not preclude entering default judgment.

      \*      \*      \*

Based on a review and balancing of the *Eitel* factors, the Motion is **GRANTED** as to the liability of Ace Logistics.

  E.  Remedies Sought

A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

As noted, the Complaint seeks damages in the amount of $421,209.12 plus interest from February 1, 2023, as well as costs of suit. Dkt. 1 at 5–6. Through the Motion, FNS seeks a recovery from Ace Logistics of $155,893.76. This is the sum of $141,209.14 for the remaining principal balance of its loss, $14,209.74 in prejudgment interest, and $474.90 in costs. Dkt. 54 at 10–11 ¶¶ 10–12.

    1.  <u>Damages</u>

A "default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris USA*, 219 F.R.D. at 499. In addition, "Plaintiff must 'prove up' the amount of damages that it is claiming." *Id.* at 501. "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Id.* at 498 (citing Fed. R. Civ. P. 55(b)(2)); *see also Landstar Ranger*, 725 F. Supp. 2d at 923 (granting the plaintiff's motion for default judgment and requested damages on goods delivered where plaintiff proffered an invoice summary, copies of invoices, and underlying shipping documents which reflected the outstanding balance requested). "However, if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Philip Morris USA*, 219 F.R.D. at 498 (citing *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992)).

As noted, a shipper is entitled to recover "the actual loss or injury to the property" as a remedy under the Carmack Amendment. 49 U.S.C. § 14706(a)(1). When the property fails to arrive, the court is "left to determine its market value at the destination had it arrived safely." *Neptune Orient Lines, Ltd.*, 213 F.3d at 1120.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

FNS has submitted a declaration from Kathleen C. Jeffries to support its claim for damages. Jeffries declares that the Complaint sought reimbursement of $421,209.12, which is comprised of $415,059.12, the amount FNS paid to its customer, LGES, for the total loss of the shipment, plus $6150.00 in freight charges. Dkt. 54 at 9 ¶ 5. Jeffries further declares that FNS seeks from Ace only the remaining principal balance of its loss, which is $141,209.12, because FNS has already paid Proactive $280,000.00. *Id.* at 10 ¶¶ 10, 9.

FNS has not provided any invoices to support the calculation of the total loss of the Subject Shipment and the freight to be $421,209.21 or the invoice of payment for loss of FNS to its customer, LGES. The other evidence is insufficient to establish an exact amount of damages. Therefore, a determination of the amount of damages to FNS is **DEFERRED**.

      2.      <u>Prejudgment Interest</u>

A court has discretion to grant or deny prejudgment interest for a Carmack Amendment claim. *Direct Connect Logistix, Inc. v. Rd. Kings Trucking Inc.*, No. 1:16-cv-01006-AWI-SKO, 2016 WL 6608924, at *8 (E.D. Cal. Nov. 9, 2016); *see also Enginox GmbH v. Show Car Servs., Inc.*, No. CV19-406-RSWL-AGR, 2020 WL 9938187, at *5 (C.D. Cal. Jan. 31, 2020) (awarding $3,446 in prejudgment interest); *Heritage Int'l, Inc. v. SMBAT KG Express, Inc.*, No. 2:16-cv-08991, 2018 WL 2315946 (C.D. Cal. May 18, 2018) (awarding $59,948.46 in prejudgment interest). "Awards of pre-judgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993) (internal quotation marks and quotation omitted). Awarding prejudgment interest in this action would comport with the Carmack Amendment's aim "to make the wronged party whole and compensate shippers whose goods are damaged or lost while in the possession of a carrier." *Sunteck Transp. Co.*, 2022 WL 17348190, at *3 (awarding prejudgment interest at the rate set by 28 U.S.C. § 1961) (internal quotations omitted).

Interest is calculated pursuant to 28 U.S.C. § 1961. *Waller v. Gary & Koby Transportation, Inc. DBA Best Quality Movers*, No. 1:08CV00725 AWIGSA, 2008 WL 4224722, at *7 (E.D. Cal. Sept. 15, 2008), *report and recommendation adopted sub nom. Waller v. Gary & Koby Transp., Inc.*, No. 1:08CV00725AWIGSA, 2008 WL 4659803 (E.D. Cal. Oct. 21, 2008) "[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961.

FNS seeks prejudgment interest based on the interest rate sent forth in 28 U.S.C. § 1961(a). The request for prejudgment interest of $14,209.74 is based upon a 4.14% interest rate and the principal amount of the requested judgment ($141,209.12). Dkt. 54 at 10 ¶ 11. The proposed interest rate was calculated using the prevailing federal rate, which is the weekly average one-year constant maturity Treasury yield, from the week preceding date of submission of the Motion. *Id.* FNS alleges that prejudgment interest accrued at a rate of $16.02 per day from February 1, 2023 (the date of loss) to July 7, 2025 (the date of anticipated judgment). *Id.*

FNS's request for prejudgment interest will be determined when the amount of damages is determined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02221-JAK (MARx) | Date | August 19, 2025 |
| Title | FNS, Inc. v. Proactive Supply Chain Group USA, Inc., et al. | | |

      3.    <u>Costs</u>

FNS also seeks an award of $474.90 in costs. Dkt. 54 ¶ 2. FNS has requested reimbursement for a $405.00 filing fee and a $69.90 service of process fee. *Id.* The Local Rules expressly permit the award of filing fees and fees incurred to effect service to be taxed as costs. Local Rule 54–3.1, 54–3.2. Therefore, an award of $474.90 in costs is reasonable and appropriate.

**IV.**    <u>**Conclusion**</u>

For the reasons stated in this Order, the Motion is **GRANTED** as to Defendants' liability under the Carmack Amendment, and **DEFERRED** with respect to the award of damages. FNS shall lodge a proposed judgment in Word Document format to JAK_Chambers@cacd.uscourts.gov that is consistent with this Order, within 10 days of its issuance. Any further evidence as to alleged damages shall be filed within 30 days of the issuance of this Order; provided, however, this is without prejudice to a request for additional time to gather and present such evidence based on the results of the reasonable efforts that have been made by FNS within the 30-day period.

**IT IS SO ORDERED.**

|  |  : |
|---|---|
| Initials of Preparer | DT |